IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WYATT FRAZER and DELLA MURPHY, Individually,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF EAST ST. LOUIS; ALVIN PARKS, JR., in his individual and official capacity as Mayor of the City of East St. Louis; and ROBERT BETTS, in his individual and official capacity as City Manager for the City of East St. Louis,<br><br>　　　　　　Defendants. | No. 09-cv-802-JPG-SCW |

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendants' motion *in limine* (Doc. 41). The plaintiffs have responded to the motion (Doc. 46). The Court heard argument on the motion on April 21, 2011, at the final pretrial conference. The Court **DENIES** the motion (Doc. 41) **without prejudice** for the following reasons.

The parties agree that items 1 through 9 and item 13 will not be offered. Accordingly, the Court denies those requests as moot. The defendants may object at trial if the plaintiffs attempt to offer such evidence. The Court addresses each of the remaining items in turn:

10:　The defendants seek to bar "[a]ny testimony, remark, statement or inference concerning Bruce Horstmann being terminated from his position as a City of East St. Louis Police Department probationary police officer due to his race, Caucasian." The Court denies this request without prejudice. If the plaintiffs complained about race discrimination against Horstmann, the evidence may be relevant to show the plaintiffs' belief that the defendants' conduct relating to Horstmann constituted unlawful race discrimination was

a good-faith, honest, reasonable belief. *See Hatmaker v. Memorial Med. Ctr.*, 619 F.3d 741, 747 (7th Cir. 2010) (Title VII context; "opposition, to be protected by the statute, must be based on a good-faith (that is, honest) and reasonable belief that it is opposition to a statutory violation"), *cert. denied*, 131 S. Ct. 1603 (2011).

11: The defendants seek to bar "[a]ny testimony, remark, statement or inference concerning Ronald Grimming not being hired as City of East St. Louis Police Department Chief of Police due to his race, Caucasian." Court denies this request without prejudice. If the plaintiffs complained about race discrimination against Grimming (which the evidence in the file shows Frazer did), the evidence may be relevant to show the plaintiffs' belief that the defendants' conduct relating to Grimming constituted unlawful race discrimination was a good-faith, honest, reasonable belief. *See id.*

12. The defendants seek to bar "[a]ny testimony, remark, statement or inference concerning Christopher Heatherly not being hired as a City of East St. Louis probationary police officer due to his race, Caucasian, or being terminated from his position as a City of East St. Louis Police Department probationary police officer due to his race, Caucasian." Court denies this request without prejudice. If the plaintiffs complained about race discrimination against Heatherly (which the evidence in the file shows both plaintiffs did), the evidence may be relevant to show the plaintiffs' belief that the defendants' conduct relating to Heatherly constituted unlawful race discrimination was a good-faith, honest, reasonable belief. *See id. Res judicata* does not prevent the use of this evidence for the foregoing purpose.

14. The defendants seek to bar "any evidence as to retaliation against Plaintiff Della Murphy because based on the Court's Order granting in part and denying in part Defendants'

Motion for Summary Judgment (Doc. 35), Plaintiff Murphy did not engage in a protected activity." The Court denies this request. The Court's order found that Murphy's speech was not *constitutionally* protected under the First Amendment and, accordingly, dismissed her claims in Count 1. The Court's order did not find that her speech was not *statutorily* protected under 42 U.S.C. § 1981. Thus, evidence of retaliation for complaining of race discrimination against others is relevant to Count 3 and is admissible for that purpose.

15. The defendants seek to bar "[a]ny testimony or evidence that Defendant Parks allegedly inquired to Plaintiff Frazer or Freddie Wills whether the City of East St. Louis was ready for a Caucasian chief of police." The Court denies this request without prejudice. If the plaintiffs complained about race discrimination in the hiring of a police chief (which the evidence in the file shows Frazer did), the evidence may be relevant to show the plaintiffs' belief that the defendants' conduct relating to hiring a police chief constituted unlawful race discrimination was a good-faith, honest, reasonable belief. *See id.*

16. The defendants seek to bar "[a]ny testimony, remark, statement or inference concerning Defendants violating 65 ILCS 5/10-2.1-3," which requires cause before a Board member can be removed prior to the expiration of his or her term. The Court denies this request. The defendants have proffered a cause (non-feasance of duty) as a legitimate reason for the plaintiffs' termination. To the extent the plaintiffs argue that proffered reason is not true, evidence regarding cause for termination is relevant and is admissible. The plaintiffs may not, however, argue as a separate basis for relief that the defendants violated 65 ILCS 5/10-2.1-3.

The defendants may renew their objection at trial based on lack of foundation or any other well-

founded objection.  The Court will consider an appropriate limiting instruction if proposed by a

party prior to trial.

**IT IS SO ORDERED.**
**DATED:  April 25, 2011.**

<u>s/ J. Phil Gilbert</u>
**U.S. District Judge**
