IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WYATT FRAZER and DELLA MURPHY, Individually,<br><br>          Plaintiffs,<br><br>v.<br><br>CITY OF EAST ST. LOUIS; ALVIN PARKS, JR., in his individual and official capacity as Mayor of the City of East St. Louis; and ROBERT BETTS, in his individual and official capacity as City Manager for the City of East St. Louis,<br><br>          Defendants. | No. 09-cv-802-JPG-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) or, in the alternative, for a new trial under Federal Rule of Civil Procedure 59(a)(1) filed by defendants City of East St. Louis ("City"), Alvin Parks and Robert Betts (Doc. 70). Plaintiffs Wyatt Frazer and Della Murphy have responded to the motion (Doc. 74), and the defendants have replied to that response (Doc. 75).

**I.      Facts and Procedural History**

Plaintiffs Frazer and Murphy served on the City's Board of Fire and Police Commissioners. After Frazer objected to the Police Department's rejection of a white police chief candidate and after both plaintiffs objected to Police Department hiring practices they believed discriminated against white people, the City removed them from their positions as commissioners. Frazer and Murphy believed their terminations were wrongful and sued. The Court granted judgment in favor of the defendants on some claims; the remaining claims were tried to a jury. On July 13, 2011, the jury rendered a verdict in favor of the defendants on Frazer's claim under 42 U.S.C. § 1983 for retaliation in violation of his First Amendment right to

speak out against discriminatory hiring of the police chief and in favor of both plaintiffs on their claim under 42 U.S.C. § 1981 for retaliation for opposing what they believed to be racially discriminatory hiring practices.  The jury awarded each plaintiff $5,500 in compensatory damages and $15,000 in punitive damages.  The defendants now ask the Court to grant judgment as a matter of law on the plaintiffs' § 1981 claim, to strike or reduce the award of punitive damages and to grant a new trial on the plaintiffs' § 1981 claim.

As a preliminary matter, the plaintiffs urge the Court to deny the defendants' motion because it was filed more than ten days after entry of judgment.  While this argument might have had some merit several years ago, the 2009 amendments to the Federal Rules of Civil Procedure extended the filing period to 28 days.  The defendants' motion, filed 28 days after entry of judgment, was therefore timely.

**II.     Legal Standards**

    A.     <u>Judgment as a Matter of Law – Rule 50(b)</u>

The Court may grant judgment as a matter of law during trial if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1).  If the Court denies the motion, the moving party may renew it after entry of judgment on the verdict.  Fed. R. Civ. P. 50(b).  In response to a post-verdict motion under Rule 50(b), the Court may allow the judgment to stand, order a new trial or direct entry of judgment as a matter of law.  Fed. R. Civ. P. 50(b).

In deciding the motion, the Court should consider all of the evidence, but must draw all reasonable inferences in favor of the non-moving party and must not make credibility

determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "That is, the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 151 (quoting 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2529, at 300 (2d ed. 1995)). This standard mirrors the standard for granting summary judgment. *Reeves*, 530 U.S. at 150 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250-51 (1986)); *Murray v. Chicago Transit Auth.*, 252 F.3d 880, 887 (7th Cir. 2001).

      B.      <u>Motion for a New Trial – Rule 59(a)</u>

Federal Rule of Civil Procedure 59(a)(1)(A) allows the Court to grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." This includes where the verdict is against the manifest weight of the evidence, the damages are excessive, or the trial was unfair to the moving party. *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004).

**III.**    **Analysis**

      A.      <u>Reason for Plaintiffs' Termination</u>

The defendants argue that the evidence showed the plaintiffs were terminated for cause, not as a result of their opposition to what they believed to be racially discriminatory hiring practices. Viewing all the controverted evidence in the plaintiffs' favor, the Court finds that there was a legally sufficient evidentiary basis for the jury to find for the plaintiffs on their § 1981 claims. While it is true that there was sufficient evidence to lead a reasonable jury to the conclusion that the plaintiffs were removed from the Board of Commissioners for cause, there

was also sufficient evidence to lead it to the contrary conclusion that their removal was in retaliation for their opposition to discriminatory hiring practices. The jury drew the latter conclusion, and the defendants have presented no basis to overturn that verdict or to justify a new trial.

      B.      <u>Punitive Damages</u>

The defendants also argue that the Court should strike the award of punitive damages. A jury may award punitive damages where it finds a defendant's conduct was in reckless disregard of a plaintiff's rights. *See* 42 U.S.C. §1981a(b)(1); *Lowery v. Circuit City Stores, Inc.*, 206 F.3d 431, 441 (4th Cir. 2000) (applying standard to § 1981 actions). In fixing an amount of punitive damages against a defendant, the jury can consider the reprehensibility of the defendant's conduct, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003), the impact of the defendant's conduct on a plaintiff, the relationship between the plaintiff and the defendant, the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made, and the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered. *See* Seventh Circuit Federal Jury Instructions Civil 3.13. To determine if a punitive damage award violates a defendant's due process rights because the punishment was grossly disproportionate to the gravity of the offense, the Court considers "the defendant's reprehensibility or culpability . . ., the relationship between the penalty and the harm to the victim caused by the defendant's actions . . ., and the sanctions imposed in other cases for comparable misconduct. . . ." *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 435 (2001) (internal citations omitted).

Viewing all the controverted evidence in the plaintiffs' favor, the Court finds that there was a legally sufficient evidentiary basis for the jury to award punitive damages in the amount it did and that the award was not so large as to violate due process principles.  There was evidence to support a jury finding that Parks and Betts had an evil motive or intent toward the plaintiffs and were recklessly indifferent to their rights.  Additionally, the defendants have not pointed to any other case where there was comparable misconduct where the punitive damages award differed in any substantial way from the award in this case.  In light of all the factors the jury considered to determine the amount of the punitive damages award and the lack of any indication of disparate sanctions awards in comparable cases, the award of $15,000 to each plaintiff was supported by the evidence and not disproportionate to the gravity of the offense.

C.   Jury Instructions

The defendants argue that there was a mistake in the verdict form that allowed an award of punitive damages against "Alvin Parks, Jr. or Robert Betts" as opposed to specifying which defendant's conduct merited that sanction.  This argument has no merit.  The defendants waived any objection to the verdict form's reference to "Alvin Parks, Jr. or Robert Betts" by failing to "stat[e] distinctly the matter objected to and the grounds for the objection," *see* Fed. R. Civ. P. 51(c)(1), at the formal jury instruction conference.  Indeed, this failure to object reflected informal discussions between the parties and the Court in which the defendants represented that a punitive damages award would be paid by the City whether it was against Parks or Betts or both and agreed that separating the two defendants in this part of the verdict form would only make the verdict form longer and more complicated for no commensurate practical advantage.

5

The failure to distinguish whether Parks or Betts or both were responsible for the punitive damages assessment was harmless, and any objection was waived.

## IV.     Conclusion

For the foregoing reasons, the Court **DENIES** the defendants' motion for judgment as a matter of law or, in the alternative, for a new trial (Doc. 70).

**IT IS SO ORDERED.**
**DATED:  November 3, 2011**

                                                s/ J. Phil Gilbert
                                                **U.S. District Judge**