## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WYATT FRAZER, et al., | ) |
| | ) |
|      Plaintiffs, | ) |
| v. | )    Case No. 09-CV-802-JPG |
| | ) |
| | ) |
| CITY OF EAST ST. LOUIS, et al., | ) |
| | ) |
|      Defendants. | ) |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on the plaintiffs' petition for attorney's fees, expenses and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920 totaling $113,237.22 (Doc. 71). The defendants have responded to the motion (Doc. 76).

### I.    Background

This case arose after plaintiffs Wyatt Frazer and Della Murphy were terminated from their volunteer positions on the City of East St. Louis's ("City") Board of Fire and Police Commissioners after they complained of what they believed were racially discriminatory hiring practices. This lawsuit originally alleged four counts: a claim under 42 U.S.C. § 1983 for retaliation in violation of their First Amendment rights to speak out against discriminatory hiring practices involving the positions of police chief and police officer (Count 1), a claim under 42 U.S.C. § 1985(3) for conspiring to violate those rights (Count 2), a claim under 42 U.S.C. § 1981 for retaliation for opposing racially discriminatory practices (Count 3) and a claim for failure to pay monthly stipends in violation of City Ordinance No. 01-10115 (Count 4).

At the summary judgment stage, the plaintiffs conceded that they could not prove their conspiracy claim (Count 2), so the Court granted summary judgment for the defendants on that count. After considering the merits, the Court also granted summary judgment for the

defendants on Murphy's § 1983 (Count 1) in its entirety and on Frazer's § 1983 claim (Count 1) to the extent it did not rest on his speech about hiring a chief of police. Frazer's § 1983 claim (Count 1) that rested on his speech about hiring a chief of police remained in the case.

During the trial of this case before a jury, the Court granted judgment as a matter of law without objection from the plaintiffs on the stipend claim (Count 4). The jury returned a verdict for the defendants on Frazer's § 1983 claim that rested on his speech about hiring a chief of police (Count 1). The jury also returned a verdict for the plaintiffs on the § 1981 claim (Count 3) and awarded the plaintiffs $5,500 each in compensatory damages and $15,000 each in punitive damages.

The plaintiffs now request attorney's fees in the amount of $107,785.00 and costs and expenses in the amount of $5,452.22. The defendants object only to the requested amount for attorney's fees. Specifically, they argue that because the plaintiffs are only entitled to attorney's fees for claims on which they prevailed and that because the plaintiffs' billing records are not specific enough to show which hours were spent on which claims, the plaintiffs should only recover 25% of the attorney's fees they request, or $26,946.25.

## II.      Analysis

Section 1988 of Title 42 of the United States Code provides, in pertinent part:

In any action or proceeding to enforce a provision of section 1981 . . . of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . .

Although a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983) (internal quotations omitted), an award of attorney's fees is at the Court's discretion.

Plaintiffs are considered to be "prevailing parties" when they "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* at 433 (internal quotations omitted). When the Court determines that an award to a prevailing party is proper, it must determine what a reasonable award is. It starts to calculate a reasonable award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* The Court may discount the number of hours if they were not adequately documented or if they were not reasonably expended. *Id.* at 433-34.

The Court can then adjust the total amount upward or downward based on various factors specific to the litigation, including but not limited to the results the attorney obtained for the plaintiffs. *Id.* at 434. The results obtained is particularly relevant where the plaintiffs prevailed on some but not all of their claims. *Id.* However, plaintiffs need not prevail on all their claims to receive an award of all their fees. *Id.* at 435. It may be that work on an unsuccessful, unrelated claim can be eliminated because that work is distinct from the claims on which the plaintiffs prevailed. *Id.* However, where the plaintiffs' successful and unsuccessful claims are related – for example, if they share a common core of facts or are based on related legal theories – it will be difficult to distinguish the hours spent on the successful claims. *Id.* In such a case, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation," and "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* The Court should not take a simple mathematical approach by comparing the number of issues won and lost. *Id.* at 435 n. 11. However, where plaintiffs have only limited or partial success, the "district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37. Once the Court determines a downward

adjustment due to only partial success is warranted, it must determine a reasonable reduction. *Id.* at 437. The Court has considerable discretion to reduce an award so long as it explains the basis for its reduction. *Id.*

There is no doubt that the plaintiffs in this case were prevailing parties. They clearly succeeded on a significant issue that achieved the benefit the parties sought when they brought the lawsuit. In this case, an award of attorney's fees is appropriate. The Court now turns to the amount of a reasonable fee.

Here, plaintiffs' counsel have been able to segregate and discount their total hours spent solely on Counts 2 and 4. Those two counts, which were conceded without much fanfare, were not the main focus of this litigation, which as a practical matter concentrated on whether the defendants had retaliated against the plaintiffs, not whether they had conspired with each other or failed to pay a stipend. The Court is satisfied that counsel's omission of those hours from their bills adequately reflects their lack of success on those claims.

As for Counts 1 and 3, for which plaintiffs' counsel has submitted their full bills, the Court believes some reduction in the lodestar amount is warranted based on the failure of Count 1. However, the Court finds it very hard to distinguish hours expended on the respective counts because they both alleged the same retaliatory conduct but under different legal theories.[1] Both claims involved many of the same operative facts – the events leading to the plaintiffs' removal from the Board – and both involved discovery of the same information – deposing the same witnesses and reviewing the same documents. The Court is also mindful that the plaintiffs

---

[1] The defendants criticize the plaintiffs for failing to keep detailed bills distinguishing their work on Count 1 from their work on Count 3. This criticism is misplaced. Other than research on the specific legal theory involved only in Count 1, virtually all other work on Count 1 was intertwined with work on Count 3. Billing by deposition line or interrogatory question, or other such minute chunks, is not required in order to be compensated in a fee award.

achieved more monetary relief than they requested from the jury, even though they only prevailed on Count 3. Indeed, they had a great deal of success.[2] However, the Court believes a modest reduction is warranted based on the plaintiffs' failure on Count 1. To account for legal research and writing related solely to count 1, of which there was a substantial amount in the plaintiffs' response to the defendants' summary judgment motion and in the proposed jury instructions, the Court will reduce the lodestar amount by 30%, for an attorney's fee award of $75,449.50.

### III.   Conclusion

For the foregoing reasons, the Court **GRANTS** the plaintiffs' petition for attorney's fees, expenses and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920 (Doc. 71) and **AWARDS** plaintiffs attorney's fees in the amount of $75,449.50 plus costs in the amount of $5,452.22, for a total award of $80,901.72. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

s/J. Phil Gilbert
**U.S. DISTRICT JUDGE**

**Dated: November 3, 2011**

---

[2] The defendants also argue that the plaintiffs were unsuccessful in their request for declaratory relief. Those requests were subsumed in the jury's decision that the defendants had retaliated against the plaintiffs and do not take away from the plaintiffs' overall success on Count 3.